# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  December 13, 2019

```
* * * * * * * * * * * * *    *
EARDEAL MILLER,              *      UNPUBLISHED
                             *
              Petitioner,    *      No. 16-1566V
                             *      Special Master Gowen
v.                           *
                             *      Attorneys' Fees and Costs
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
              Respondent.    *
* * * * * * * * * * * * *    *
```

Milton C. Ragsdale, IV, Ragsdale LLC, Birmingham, AL, for Petitioner.
Colleen C. Hartley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 29, 2019, Eardeal Miller ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 63). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$34,910.13**.

## I.     Procedural History

On November 23, 2016, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that an influenza vaccination she received on or about December 6, 2015, caused her to suffer a shoulder injury related to vaccine administration ("SIRVA"). On June 24, 2019, the parties filed a stipulation, which I adopted as my Decision

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

awarding damages on the same day. Decision, ECF No. 72.

On August 29, 2019, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her counsel in the total amount of $35,171.63, representing $33,844.75 in attorneys' fees and $1,326.88 in costs. Fees App. at 4. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 5. Respondent reacted to the fees motion on September 1, 2019, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 78). Petitioner did not file a reply thereafter. The matter is now ripe for adjudication.

## II.      Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.   Attorneys' Fees

Petitioner requests the following rates of compensation for her attorneys: for Mr. M. Clay Ragsdale, $400.00 per hour for work performed in 2017, $420.00 per hour for work performed in 2018, and $440.00 per hour for work performed in 2019; and for Ms. Allison Riley, $270.00 per hour for work performed in 2017, $290.00 per hour for work performed in 2018, and $305.00 per hour for work performed in 2019. Fees App. at 3.

Mr. Ragsdale's rates have previously been discussed in greater detail by other special masters. *See Douglas v. Sec'y of Health & Human Servs.*, No. 14-1226V, 2019 WL 3814396 (Fed. Cl. Spec. Mstr. Jul. 25, 2019); *Brown v. Sec'y of Health & Human Servs.*, No. 17-253V, 2018 WL 5095121, at *2 (Fed. Cl. Spec. Mstr. Sept. 6, 2018). Consistent with the well-reasoned analysis in these decisions, I will also compensate Mr. Ragsdale at $410.00 per hour for his work in 2018, and at $420.00 per hour for his work performed in 2019. The rates requested for Ms. Riley and Ragsdale LLC paralegals appear to be reasonable and require no adjustment. Accordingly, the final award of attorneys' fees is reduced by **$261.50.**[3]

---

[3] 2018: [($420.00 per hour requested - $410.00 per hour awarded) * 20.2 hours] + [($210.00 per hour travel requested - $205.00 per hour awarded) * 3.5 hours] = $219.50.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$33,583.25**.

### b.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $1,326.88. Fees App. at 3. This amount is comprised of acquiring medical records, postage, mileage, petitioner's hotel and transportation for the hearing, and court transcripts. The undersigned has reviewed the requested attorneys' costs and all appear reasonable and have been supported by adequate documentation. Petitioner is therefore entitled to the full amount of costs sought.

### III.  Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $33,844.75 |
| (Reduction of Fees) | - ($261.50) |
| **Total Attorneys' Fees Awarded** | **$33,583.25** |
| | |
| Attorneys' Costs Requested | $1,326.88 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,326.88** |
| | |
| **Total Attorneys' Fees and Costs** | **$34,910.13** |

**Accordingly, I award a lump sum in the amount of $34,910.13, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. M. Clay Ragsdale.[4]**

---

2019: ($440.00 per hour requested - $420.00 per hour awarded) * 2.1 hours = $42.00

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

4